# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HALLMARK CARDS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-222-CM |
| ) | |
| **GAINEY TRANSPORTATION SERVICES,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Hallmark Cards, Inc. filed this action on August 4, 2005, registering a foreign judgment received from the United States District Court for the Western District of Missouri, Case No. 04-0077-CV-C-ODS, against defendant Gainey Transportation Services, Inc. Plaintiff moved for a judgment debtor exam, which the court granted on September 2, 2005. Plaintiff subsequently moved to stay the debtor's exam pending the outcome of defendant's appeal of the Western District of Missouri case to the Eighth Circuit Court of Appeals. Defendant agreed that the debtor's exam should be stayed pending the outcome of its appeal and in light of its posting of a supersedeas bond in the Western District of Missouri on September 13, 2005.[1] This court granted plaintiff's motion to stay the debtor's exam on September 28, 2005.

---

[1] On September 19, 2005, upon defendant's motion and filing of the supersedeas bond in the Western District of Missouri, that court granted defendant's motion to stay execution of the judgment pending the outcome of defendant's appeal.

This matter comes before the court on defendant's Motion to Dismiss (Doc. 7). Defendant contends that the action should be dismissed because the judgment which plaintiff seeks to enforce was never properly registered by plaintiff in this action. Pursuant to 28 U.S.C. § 1963, a judgment may be registered only "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." *Id*. Defendant contends that, in this case, the underlying action has not become final by appeal, has not become final by the expiration of time for the appeal, and there was never an order entered by the Western District of Missouri for "good cause" allowing plaintiff to register the judgment in this court. As such, defendant contends that plaintiff never properly registered a judgment in this action, and this case should be dismissed.

Plaintiff did not address defendant's arguments regarding proper registration of the judgment pursuant to 28 U.S.C. § 1963. Instead, plaintiff contends that dismissal of this action would require a duplication of efforts and expenses in the future if defendant's appeal to the Eighth Circuit fails. Plaintiff contends that defendant has assets in the state of Kansas and that, in the interest of judicial economy, the instant action should not be dismissed but remain stayed pending the outcome of plaintiff's appeal. Plaintiff has stated that it will move to dismiss the action in this court if defendant prevails on its appeal.

While the court understands plaintiff's position on this issue, the court finds that registration of the judgment from the Western District of Missouri has not been appropriately accomplished pursuant to 28 U.S.C. § 1963. As defendant has pointed out, the judgment in the Western District case has not become final by appeal, and is, in fact, in the appeal process. Plaintiff has provided this court with no order from the Western District of Missouri permitting registration of the judgment for good cause shown. Accordingly, this court finds that registration of the judgment in this court is not appropriate at this time. *See Winn-Senter*

*Constr. Co. v. Healy Enters, Inc.*, 1993 WL 141987, at *2 (D. Kan. April 13, 1993) (citing *Associated Bus. Tel. Sys. v. Greater Capital Corp.*, 128 F.R.D. 63, 68 (D. N.J. 1989) (requiring good cause showing to register judgment in other jurisdictions where time for appeal has not run)).

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 7) is granted.

Dated this 26th day of January 2006, at Kansas City, Kansas.

 s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**